139 F.3d 901
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Elizabeth A. LANNAN, Plaintiff-Appellant,
v.
Janet RENO, Defendant-Appellee.
 No. 97-3170.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 26, 1998.*
Decided Feb. 26, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 91 C 7555, George W. Lindberg, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, and Hon. WALTER J. CUMMINGS and Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In February of 1995, Elizabeth Lannan agreed to settle her Title VII lawsuit against the Drug Enforcement Administration for the sum of $42,500. One week later, the district court entered an order dismissing her lawsuit with prejudice pursuant to the terms of the parties' settlement agreement. On July 17, 1997, Lannan filed a Rule 60(b) motion to modify or vacate the dismissal order disposing of her lawsuit, which the district court denied. Lannan appeals pro se the district court's denial of her motion, arguing that the court erroneously failed to find that she signed the settlement agreement under duress and incorrectly refused to accept her offer to repay the settlement money as soon as she became gainfully employed. Because the district court's denial of Lannan's motion was not an abuse of discretion, we affirm.
 
 
 2
 Lannan seeks relief from the dismissal order pursuant to subsections (5) and (6) of Federal Rule of Civil Procedure 60(b). However, only subsection (6) applies in this case because subsection (5) offers relief "almost exclusively in cases dealing with injunctions and consent decrees" and requires that the judgment under attack be "no longer equitable" and "prospective." Cincinnati Ins. Co. v. Flanders Elec. Motor Service, Inc., 131 F.3d 625, 630 (7th Cir.1997). The court order dismissing Lannan's lawsuit provided only monetary relief and has no prospective application because it neither requires court supervision of any continuing interaction between the parties nor requires the defendant to perform or refrain from performing some future action. Id. at 630-31. Accordingly, Rule 60(b)(6), permitting relief from a final judgment "for any other reason justifying relief from the operation of the judgment," provides the only possible basis for relief in this case. This court reviews the denial of a Rule 60(b)(6) motion for an abuse of discretion but will rarely disturb a district court's decision on this kind of motion. Id. at 628. Moreover, Rule 60(b) relief is an extraordinary remedy that is granted only in exceptional circumstances, and the burden rests with the appellant to prove the abuse of discretion. Id.
 
 
 3
 Lannan argues that the district court erroneously denied her Rule 60(b)(6) motion by rejecting evidence indicating that she signed the settlement agreement under duress. It is well-settled in this circuit that "a plaintiff may waive a claim under Title VII ... as part of a voluntary settlement, provided that her consent to the release was voluntary and knowing." Wagner v. Nutrasweet Co., 95 F.3d 527, 532 (7th Cir.1996). Where a plaintiff is represented by counsel who actively negotiates a release on the plaintiff's behalf, the "plaintiff must be found to have executed the release or settlement voluntarily and knowingly, unless vitiating circumstances such as fraud or duress existed to nullify plaintiff's assent to the settlement." Riley v. American Family Mutual Ins. Co., 881 F.2d 368, 374 (7th Cir.1989). See also Pierce v. Atchison, Topeka and Santa Fe Ry. Co., 65 F.3d 562, 571 n. 1 (7th Cir.1995). For duress to exist, there must be "some imposition, oppression, undue influence, or the taking of undue advantage of the business or financial stress or extreme necessities or weakness[es] of another." Id. at 569 (citations omitted). Duress "is not shown by the fact that one was subjected to mere annoyance, vexation, personal embarrassment, a difficult bargaining position or the pressure of financial circumstances." Id. One who had an alternative to signing a settlement agreement cannot later claim duress as a defense to the formation of a contract. Id.
 
 
 4
 The district court did not abuse its discretion when it denied Lannan's Rule 60(b) motion. The court determined at the hearing conducted on July 24, 1997 for purposes of ruling on Lannan's motion that Lannan was represented by counsel who actively negotiated the settlement agreement on her behalf, that she received the sum of money set forth in that agreement; and that there was no evidence of duress. These findings permit the presumption that Lannan knowingly and voluntarily signed the settlement agreement containing the release. While Lannan may have felt that the financial, personal, and medical stress in her life necessitated the acceptance of the defendant's offer of settlement, there is no evidence that the defendant exploited her, oppressed her, took undue advantage of her financial or personal problems, or otherwise wrongfully pressured her into signing the settlement agreement. See Graehling v. Village of Lombard, 58 F.3d 295, 298 (7th Cir.1995). The "mere fact that [Lannan] [was] in a difficult bargaining position due to desperate financial circumstances does not support a defense of economic duress." Resolution Trust Corp. v. Ruggiero, 977 F.2d 309, 314 (7th Cir.1992).
 
 
 5
 Furthermore, Lannan's duress argument is not supported by her references to attorney malpractice. While Lannan contends that her counsel failed to keep her apprised of legal developments in the case and misled her into believing her insurance coverage would remain intact, these assertions may not be factored into the court's inquiry regarding duress because they involve "[a]n inquiry into the subjective intent of the waiving party ... [that] would unduly hamper the voluntary settlement goals of Title VII...." Riley, 881 F.2d at 374. Lannan may challenge her attorney's performance through a malpractice action. Id.
 
 
 6
 Lannan also asserts that the court erred in refusing to accept her offer to repay the settlement money. While Lannan contends that she offered to furnish repayment as soon as she learned of the tender requirement, Lannan actually only offered to "put in writing" her willingness to have her wages garnished as soon as she found employment. The court rejected this offer, however, and it did not abuse its discretion in so doing. A basic principle of contract law is that "a party may not rescind a contract without returning to the other party any consideration received under it." Fleming v. United States Postal Service AMF O'Hare, 27 F.3d 259, 260 (7th Cir.1994) (citations omitted). This rule is fully applicable here because Lannan's decision to forego her right to sue the defendant for any issue arising out of her DEA employment provided adequate consideration for her receipt of the $42,500. And while immediate tender of the $42,500 may not have been required, Lannan needed to provide the district court with "a reasonable basis for confidence" that she would, or could, return the money. Id. at 262. Accordingly, its decision to reject her Rule 60(b) motion on the additional grounds that she was unable to return the $42,500 received in exchange for settlement of her case was not an abuse of discretion.
 
 
 7
 We likewise find no merit to Lannan's contention that the district court "legitimized" the DEA's violation of her Constitutional rights when it refused to vacate or modify the dismissal order, or that the language of the settlement agreement's release is "inconsistent with justice." It is well established that a plaintiff may waive her Title VII claim pursuant to a settlement agreement and that this waiver is valid in the absence of circumstances such as fraud or duress. See Riley, 881 F.2d at 374. A court's refusal to disturb a settlement agreement is entirely proper in cases such as this one where the plaintiff subsequently decides that the settlement is insufficient yet there is no evidence of impropriety on the defendant's part. Glass v. Rock Island Refining Corp., 788 F.2d 450, 454-55 (7th Cir.1986). Moreover, as the district court explained to Lannan, while it could not disturb the settlement agreement, the agreement bars her only from litigating those issues arising directly from her employment with the DEA but does not prevent her from litigating wrongs unconnected with her employment or that occurred after she signed the settlement agreement.
 
 
 8
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)